**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4535
_____

DONELL L. PRINCE,
                                        Appellant

v.

KEVIN C. ORR, Esq.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 13-cv-06418)
District Judge:  Honorable Jose L. Linares
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 6, 2015

Before: AMBRO, VANASKIE and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 13, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Donell Prince appeals the District Court's orders dismissing his complaint, denying leave to amend, and denying his request for a stay. For the reasons below, we will affirm the District Court's judgment.

The procedural history of this case and the details of Prince's claims are well known to the parties, set forth in the District Court's thorough opinion, and need not be discussed at length. Briefly, Prince filed a complaint alleging that his criminal defense attorney, Kevin Orr, had breached his contractual duty to represent Prince in a civil rights action after getting the criminal charges against Prince dismissed. The District Court requested that Prince set forth the basis for the District Court's subject-matter jurisdiction over the complaint. Orr also challenged the jurisdictional basis of the complaint by filing a motion to dismiss.

Prince argued that the District Court had supplemental jurisdiction over the claims pursuant to 28 U.S.C. § 1367, because they were related to a pending civil rights action Prince had filed. He also attempted to establish jurisdiction by requesting permission to amend his complaint to add claims of conspiracy under 42 U.S.C. §§ 1983 & 1985. He alleged that Orr's failure to fulfill his contractual obligations and act competently were acts in furtherance of a conspiracy with the police officer, Thomas Aiellos, who had filed the criminal charges against Prince. The District Court granted the motion to dismiss, dismissed the complaint for lack of jurisdiction, and denied Prince's motion to amend. Prince appealed.

In his brief, Prince does not challenge the District Court's determination that it lacked jurisdiction over his claims of breach of contract, good faith, and fiduciary duty.[1] Rather, he focuses on the District Court's determination that the allegations in his proposed second amended complaint were insufficient to state a claim of conspiracy under 42 U.S.C. §§ 1983 & 1985 and that amendment would be futile. We review the District Court's denial of Prince's motion for leave to amend for an abuse of discretion and review its determination that amendment would be futile de novo. United States ex rel. Schumann v. AstraZeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014). Amendment is futile if the proposed allegations fail to state a claim. Budhun v. Reading Hosp. & Med. Ctr., 765 F.3d 245, 259 (3d Cir. 2014). In order to state a claim, a plaintiff must make sufficient factual allegations to allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). It is not enough for a plaintiff to offer only conclusory allegations or a simple recital of the elements of a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In his conspiracy claim, Prince repeated his allegations of breach of contract, good faith, and fiduciary duty. He made conclusory allegations that Orr conspired against him to deprive him of his rights. He alleged that Orr failed to disclose that he used to be a

---

[1] For the reasons given by the District Court, we agree. Prince's claims of breach of contract, good faith, and fiduciary duty against Orr are based on state law, and there is no diversity of citizenship between Prince and Orr. See 28 U.S.C. §§ 1331, 1332.

prosecutor. While Orr obtained a dismissal of the charges against him, Prince argued that he could have done so earlier. Prince related that while waiting for a court appearance, he observed Orr talking and laughing with Aiellos. They then went into a private room. Prince rejected Orr's explanation that he was just trying to see "what kind of guy" Aiellos was.

Prince's proposed allegations of conspiracy fail to state a claim. Prince has not pleaded any facts that suggest a meeting of the minds between Orr and any alleged co-conspirators. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 179 (3d Cir. 2010) (citing Twombly, 550 U.S. at 556). Moreover, he has not set forth any facts supporting his claims that Orr's actions were motivated by racial or class-based animus. See 42 U.S.C. §§ 1981, 1985. That Prince is a "black male on disability" is insufficient to allege that action taken against him is motivated by race or class discrimination. Prince's failure to adequately plead a conspiracy also precludes his claims under 42 U.S.C. § 1983 that Orr conspired with state actors to deprive him of his constitutional rights. This is because he has not sufficiently alleged that Orr, as a private actor, acted jointly with Aiellos or any other state actor. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). The District Court did not err in determining that it would be futile to allow Prince to amend his complaint a second time.

Because the District Court was correct that it lacked jurisdiction over Prince's original complaint and that further leave to amend would be futile, we need not reach the issues of whether the District Court abused its discretion in denying Prince's motion to

stay the litigation pending another District Court case in which he is the plaintiff and whether Prince's appeal from that order was timely.

For the above reasons, we will affirm the District Court's judgment.